IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Homero Soto Delgado; Balvina Soto *As Personal Representative For the Estate of Lizette Soto-Diaz,* | ) ) ) ) | Case No. 7:24-cv-05350-JDA |
| Plaintiffs, | ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| Progressive Northern Insurance Company; La Cima Insurance Agency, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on Plaintiffs' motion to remand.  [Doc. 13.]  For the reasons set forth below, the Court grants Plaintiffs' motion and remands this action to state court.

## BACKGROUND[1]

This case arises from a vehicle accident that tragically resulted in the death of Lizette Soto-Diaz.  [Doc. 1-1 ¶¶ 20–21.]  The accident occurred when the vehicle Soto-Diaz was traveling in collided with another vehicle.  [*Id.* ¶ 20.]  The driver of the other vehicle, Jackson Smith, was intoxicated at the time of the accident and was eventually charged and pled guilty to felony driving under the influence resulting in death.  [*Id.* ¶¶ 20, 22–23.]  Smith confessed judgment in favor of Plaintiff Balvina Soto, as personal representative of Soto-Diaz's estate, for bodily injury damages and property damages

---

[1] The facts in the Background Section are taken directly from Plaintiffs' Complaint. [Doc. 1-1.]

in the amount of $9,725,000.00, and the confession of judgment was duly executed and filed with the Clerk of Court for Spartanburg County on May 8, 2024. [*Id.* ¶ 24.] The judgment remains unsatisfied, and Smith had only the minimum required liability coverage on his vehicle. [*Id.* ¶ 25.] At the time of the accident, and at the time of her death, Soto-Diaz was an insured person within the terms of her family's automobile insurance policy (the "Policy") and was an insured person within the meaning of the underinsured motorist ("UIM") provisions of the Policy.[2] [*Id.* ¶¶ 19, 27.]

This case largely relates to the circumstances surrounding the purchase of the Policy by Soto-Diaz's father, Plaintiff Homero Soto Delgado ("Delgado"), and the fact that it did not include UIM coverage. Delgado purchased the Policy on or about September 18, 2020, from Defendant Progressive Northern Insurance Company ("Progressive") and Progressive's agent Defendant La Cima Insurance Agency, LLC ("La Cima"). [*Id.* ¶ 9.] La Cima is a duly licensed insurance agency, regulated by the South Carolina Department of Insurance, that frequently advertises its services in the Spanish language and holds itself out as specializing in the procurement of insurance for Spanish speakers, including those who speak or read a limited or no amount of English. [*Id.* ¶¶ 10–11.]

Delgado decided to purchase car insurance for himself and his family from La Cima due to his limited command of the English language. [*Id.* ¶ 12.] Although La Cima, acting as Progressive's agent, was legally required to make a meaningful offer of UIM coverage to Delgado as part of his application for car insurance, La Cima failed to

---

[2] UIM coverage "is optional coverage provided by an insurance carrier in the event damages are sustained by the insured in excess of the at fault driver's liability coverage." *Garris v. Cincinnati Ins.*, 311 S.E.2d 723, 726 (S.C. 1984).

inform him of the benefits of purchasing UIM coverage. [*Id.* ¶¶ 14–15.] La Cima presented Delgado with Progressive's boilerplate UIM selection form and asked him to print his name at the bottom of the form to indicate whether he selected UIM coverage; however, the form is totally in English, and La Cima failed to read or otherwise explain the form to Delgado. [*Id.* ¶¶ 16–17.] As a result of Delgado's not being explained about UIM coverage in a language he could understand, he rejected UIM coverage. [*Id.* ¶ 18.]

Plaintiffs filed this action on August 22, 2024, in the Spartanburg County Court of Common Pleas. [Doc. 1-1.] Plaintiffs assert claims against Progressive for declaratory judgment, vicarious liability, and negligent selection of an independent contractor. [*Id.* ¶¶ 28–48, 76–87.] Additionally, against both Defendants, Plaintiffs assert claims of negligence, gross negligence, recklessness, and negligent misrepresentation, and against La Cima, Plaintiff's assert a claim for breach of contract/good faith and fair dealing. [*Id.* ¶¶ 49–75.]

Progressive removed this action to this Court on September 27, 2024, on the grounds of diversity jurisdiction, alleging that, although Plaintiffs allege they are South Carolina citizens and La Cima is also a South Carolina citizen, La Cima is fraudulently joined as a sham defendant. [Doc. 1 ¶¶ 2, 9, 18.] On October 22, 2024, Plaintiffs filed a motion to remand, asserting that La Cima was not fraudulently joined or, in the alternative, the Court should abstain from hearing this case under the *Burford* abstention doctrine.[3] [Docs. 13; 13-1.] Progressive and La Cima each filed a response opposing

---

[3] *Burford* abstention allows a federal court to abstain from hearing cases as follows:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies:

the motion to remand on November 5, 2024.  [Docs. 14; 15.]  The motion is now ripe for review.

## <u>APPLICABLE LAW</u>

**Removal and Remand**

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is placed upon the party seeking removal."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction."  *Id.*  Thus, remand is necessary if federal jurisdiction is doubtful.  *Id.*

---

(1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (internal quotation marks omitted).

**Diversity Jurisdiction**

Progressive's notice of removal alleged that removal was proper because the district court has diversity jurisdiction to hear Plaintiff's claims under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  Section 1332 requires complete diversity of all parties, which exists where "no party shares common citizenship with any party on the other side."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

## DISCUSSION

The fraudulent joinder doctrine permits a defendant to remove a case to federal court despite the presence of another non-diverse defendant.  *Mayes*, 198 F.3d at 461. The party asserting fraudulent joinder "bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor.  This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Rule] 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal citation omitted).  To establish fraudulent joinder, the removing party must show either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."  *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks omitted).

5

Here, Defendants cannot meet the heavy burden of establishing that La Cima is fraudulently joined. They do not assert outright fraud in Plaintiffs' pleading, and, with all issues of law and fact construed in Plaintiffs' favor, Defendants cannot show that there is no possibility that Plaintiffs would be able to establish a cause of action against La Cima in state court.

La Cima is named as a Defendant in multiple causes of action [Doc. 1-1 ¶¶ 49–75], and Defendants argue that there is no possibility that Plaintiffs would be able to establish any of these claims in state court [Docs. 14; 15]. The Court addresses only the breach of contract cause of action, as that claim is dispositive of Plaintiffs' motion.

To state a claim for a breach of contract under South Carolina law, a plaintiff must allege the following elements: (1) the existence of a contract, (2) its breach, and (3) damages caused by such breach. *Fuller v. E. Fire & Cas. Ins.*, 124 S.E.2d 602, 610 (S.C. 1962); *Branche Builders, Inc. v. Coggins*, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009).

As noted, Plaintiffs allege that Delgado entered into a contract with La Cima to acquire automobile insurance for himself and his family; that a material term in the contract was that La Cima would conduct the transaction in Spanish; that La Cima breached the contract by failing to conduct the transaction in Spanish, in particular, in failing to conduct the discussion regarding UIM coverage in Spanish; that this was a material breach; and that a direct and proximate result of the breach was that Plaintiffs did not obtain UIM coverage, resulting in their loss of UIM benefits. [Doc. 1-1 ¶¶ 66, 68–71.]

Defendants offer only a single argument in support of their contention that there is no possibility Plaintiffs could establish their breach of contract claim against La Cima.[4] [Doc. 14 at 6–7.]  They argue that the allegations in the Complaint demonstrate that, assuming Delgado contracted for La Cima to conduct the transaction in Spanish, Delgado waived that contractual right because the forms given to Delgado were plainly written in English and yet he decided to purchase the Policy anyway.  [*Id.* (citing *Morgan v. Sundance*, 596 U.S. 411, 417 (2022), for the proposition that waiver "is the intentional relinquishment or abandonment of a known right" (internal quotation marks omitted)).]

Defendants' argument notwithstanding, nothing in the Complaint indicates that Delgado had notice at the time he purchased the Policy that La Cima had not purported to fully explain in Spanish what he was being offered and what he was accepting or rejecting.  As far as the Complaint reflects, Delgado may have been given a single, comprehensive explanation in Spanish and then been asked to sign a series of papers. Thus, although the Complaint alleges that La Cima failed to read, or otherwise explain, the provisions of Progressive's UIM selection form to Delgado before asking him to print his name [Doc. 1-1 ¶¶ 17, 69], the Complaint does not allege that La Cima informed Delgado that any of the forms he was being asked to sign were outside the scope of what had been explained to him in Spanish.  Accordingly, the Court cannot conclude that there is no possibility that Plaintiffs will be able to establish their breach of contract claim against La Cima.  Because the Court concludes that La Cima was properly jointed,

---

[4] Defendants may also argue that an insurance agency cannot be liable for breach of a contract it entered into itself if the breach concerns failure to explain UIM coverage [Doc. 14 at 3–5], but they cite no case in support of that proposition and the Court is not aware of any that exist.

its citizenship is considered for purposes of diversity jurisdiction.  As Plaintiffs and La Cima are all citizens of South Carolina, the parties are not completely diverse as required by 28 U.S.C. § 1332.  Thus, this Court lacks subject matter jurisdiction over this action.  The Court therefore grants Plaintiffs' motion to remand.

## CONCLUSION

Wherefore, based upon the foregoing, Plaintiffs' motion to remand [Doc. 13] is GRANTED and the matter is REMANDED to the Spartanburg County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

April 22, 2025
Greenville, South Carolina